UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

GEORGE CUNNINGHAM,

                            Petitioner,                    Case No. 2:23-cv-20

v.                                                         Honorable Robert J. Jonker

MICHAEL BURGESS,

                            Respondent.

_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

## Discussion

### I.  Factual allegations

Petitioner George Cunningham is incarcerated with the Michigan Department of Corrections at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. Following a jury trial in the Chippewa County Circuit Court, Petitioner was convicted of first-degree home invasion, in violation of Mich. Comp. Laws § 750.110a(2), kidnapping, in violation of Mich. Comp. Laws § 750.349, five counts of unlawful imprisonment, in violation of Mich. Comp. Laws § 750.349b, armed robbery, in violation of Mich. Comp. Laws § 750.529, and first-degree child abuse, in violation of Mich. Comp. Laws § 750.136b(2). On February 15, 2022, the court sentenced Petitioner as a fourth habitual offender, Mich. Comp. Laws § 769.12, to sentences of 8 years, 3 months to 50 years for home invasion, 31 years, 3 months to 50 years for kidnapping, armed robbery, and child abuse, and 19 to 50 years for each count of unlawful imprisonment. Based on Petitioner's earliest release date—August 14, 2061—the controlling string of Petitioner's mix of sentences includes at least one of the 31 years, 3 months to 50 years sentences running consecutively to the 8 years, 3 months to 50 years sentence for home invasion.[1]

On May 9, 2022, Petitioner filed his habeas corpus petition in the United States District Court for the Eastern District of Michigan, raising one ground for relief, as follows:

> I.  Violation of the US Constitution Sixth Amendment right to a speedy trial. State remedies exhausted.

(Pet., ECF No.1, PageID.4.) By order entered January 26, 2023, the Eastern District Court transferred the petition to this Court. (ECF No. 40.)

---

[1] *See* Michigan Department of Corrections Offender Tracking Information System, https://mdocweb.state.mi.us/otis2/otis2.aspx (search Last Name "Cunningham," First Name "George") (last visited Feb. 9, 2023).

## II.    Proper Parties

George Cunningham filed the petition naming himself and his co-defendant, Jon Scott Stygler, as Petitioners. Cunningham also named his custodian, Michael Burgess, and Stygler's custodian, Les Parish, as Respondents. Petitioner Cunningham signed the petition; Jon Stygler did not. Under Rule 2(c)(5) of the Rules Governing § 2254 Cases, the petition must be signed by the petitioner or by a person authorized to sign the petition under 28 U.S.C. § 2242. Section 2242 further provides that a habeas petition must be signed by "the person for whose relief it is intended or by someone acting on his behalf." A "next friend" does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest. *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1989). Next friend status, therefore, is an exception to section 1654 of Title 28 which states: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct cases therein." 28 U.S.C. § 1964.

To act on a prisoner's behalf, a putative next friend must demonstrate that the prisoner is unable to prosecute the case on his own behalf due to "inaccessibility, mental incompetence, or other disability" and that the next friend is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Whitmore*, 495 U.S. at 163–64; *see also West v. Bell*, 242 F.3d 338, 341 (6th Cir. 2001); *Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998). The burden is on the next friend "clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Whitmore*, 495 U.S. at 164.

Standing to proceed as next friend on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id*. at 163. "A next friend may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee

himself could file the petition." *Wilson v. Lane*, 870 F.2d 1250, 1253 (7th Cir. 1989) (citing *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978)). The putative next friend must clearly and specifically set forth facts sufficient to satisfy the Article III standing requirements because "[a] federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." *Whitmore*, 495 U.S. at 155–56. Most significantly, "when the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition." *Weber*, 570 F.2d at 514 (cited with approval in *Whitmore*, 495 U.S. at 163).

The Court concludes that the petition, at least to the extent that it purports to raise claims on Jon Stygler's behalf, does not satisfy these requirements. Petitioner Cunningham is not, and was not, authorized to proceed on Jon Stygler's behalf. Jon Stygler's state court direct appeal counsel has filed a motion to dismiss Mr. Stygler from these proceedings without prejudice because Petitioner Cunningham named Mr. Stygler as a petitioner without Mr. Stygler's consent. (ECF No. 54.)

Accordingly, the Court directs the Clerk to remove Jon Stygler as a petitioner and to remove Les Parish as a respondent. Nonetheless, the Court will deny the motion to dismiss filed by Mr. Stygler's counsel as unnecessary because Mr. Stygler was never a party to these proceedings. The Court notes that no possible prejudice could accrue to Mr. Stygler because he has not yet exhausted his state court remedies such that any grounds for habeas relief that he might have are not yet ripe for this Court's consideration.

Petitioner Cunningham is in the same procedural position.

## III.   Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S.

838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *O'Sullivan*, 526 U.S. at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner alleges that he has raised his "speedy trial" claim in the state courts. There is a kernel of truth at the heart of that allegation; but as explained below, he has not fairly presented to all levels of the state appellate system the issue that he now presents to this Court.

Petitioner identifies several appeals he has pursued in the state appellate courts. Those appeals, generally, were commenced and completed before entry of the judgment that he attacks in his petition. Petitioner filed no fewer than thirteen appeals or other proceedings in the Michigan Court of Appeals during the pendency of his criminal prosecution. *See* Michigan Court of Appeals Cases Report, https://www.courts.michigan.gov/case-search/ (search George Cunningham) (last visited Feb. 9, 2023). But, of the thirteen, Petitioner proceeded through both levels of the Michigan appellate court with respect to only one: *People v. Cunningham*, 971 N.W.2d 644 (Mich. 2022). Coincidentally, Petitioner claims that is the case where he presented his habeas ground to the state courts.

Petitioner filed that delayed application for leave to appeal in the Michigan Court of Appeals on January 12, 2022, a month before he was sentenced. He purported to challenge the trial court's August 6, 2021, order that Petitioner claims relates to Petitioner's "speedy trial" rights. The court of appeals denied leave eleven days before Petitioner was sentenced, not on the merits, but "for failure to persuade the Court of the need for immediate appellate review." *People v. Cunningham*, No. 359947 (Mich. Ct. App. Feb. 4, 2022). In a similar order, the Michigan Supreme Court denied leave to appeal "because [they] were not persuaded that the question presented should be reviewed by [that] Court." *People v. Cunningham*, 971 N.W.2d 644 (Mich. 2022).

Fair presentation has a substantive component and a procedural component. With regard to substance, fair presentation is achieved by presenting the asserted claims in a constitutional context through citation to the Constitution, federal decisions using constitutional analysis, or state decisions which employ constitutional analysis in a similar fact pattern. *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Picard*, 404 U.S. at 277–78. With regard to procedure, the fair presentation requirement is not satisfied when a claim is presented in a state court in a procedurally inappropriate manner that renders consideration of its merits unlikely. *Olson v. Little*, 604 F. App'x 387, 402 (6th Cir. 2015) (quoting *Castille v. Peoples*, 489 U.S. 346, 351 (1989)) ("[W]here [a] claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, [it does not] constitute 'fair presentation.'" (alterations in original) (internal quotation marks omitted)); *see also Ogle v. Ohio Dep't of Rehab. & Corr.*, No. 17-3701, 2018 WL 3244017, at *2 (6th Cir. Feb. 27, 2018); *Stokes v. Scutt*, 527 F. App'x 358, 363–64 (6th Cir. 2013).

Petitioner's presentation of his "speedy trial" issues by way of discretionary interlocutory appeal does not constitute fair presentation. In *Pitchess v. Davis*, 421 U.S. 482 (1975), the Supreme

Court indicated that pursuing an appeal before trial by way of an extraordinary writ would not suffice to exhaust state court remedies where the Petitioner could still raise the same points on post-trial direct appeal. 421 U.S. at 488; *see also Ex parte Hawk*, 321 U.S. 114, 116 (1944) (holding that denial of an application for an extraordinary writ by state appellate courts did not serve to exhaust state remedies where the denial could not be fairly taken as an adjudication of the merits of claims presented, and where normal state channels for review were available). The federal circuit courts have likewise concluded that special discretionary requests for relief do not constitute "fair presentation." *See, e.g.*, *Ellman v. Davis*, 42 F.3d 144, 148 (2nd Cir. 1994) ("The submission of claims to the state court on discretionary review does not automatically constitute the fair presentation of petitioner's claims. Only where the state court exercised its discretion and ruled on the merits will the exhaustion requirement be satisfied in this context."); *Satterwhite v. Lynaugh*, 886 F.2d 90, 92–93 (5th Cir. 1989) (holding that presentation to the state court of appeals in a context "considerably more restrictive than the plenary review available upon direct appeal . . . is insufficient for exhaustion purposes."); *Kyle v. Richards*, No. 90-1355, 1991 WL 73973, at *1 (7th Cir. May 9, 1991) (concluding that discretionary petitions to the state appellate court and the state supreme court "raised [Petitioner's] claim for the first time on discretionary review, thus his petitions did not constitute fair presentation . . . ."); *Castle v. Schriro*, 414 F. App'x 924, 926 (9th Cir. 2011) ( "The general rule is that the submission of a new claim to a state's appellate court on discretionary review does not constitute a fair presentation of the issue for exhaustion purposes."); *Mulberry v. Neet*, 8 F. App'x 896, 898 (10th Cir. 2001) (stating "that '[u]sing a state procedure that is discretionary and limited in scope is not fair presentation' to the state courts, as required to exhaust state remedies"). Thus, Petitioner has not yet properly exhausted his "speedy trial" claim.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise his "speedy trial" issue in the state appellate courts. He may continue to pursue his appeal as of right in the Michigan Court of Appeals, *People v. Cunningham*, No. 364700 (Mich. Ct. App.) (filed Jan. 27, 2023),[2] and, if necessary, the Michigan Supreme Court. *O'Sullivan*, 526 U.S. at 845; *Hafley*, 902 F.2d at 483 ("[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court." (citation omitted)).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner's judgment is not yet final, so there are no statute of limitations consequences to the dismissal of the petition.

## IV.    Petitioner's Motions

Petitioner has certainly not been idle since he filed the petition. Presently pending before the Court are the following:

- Petitioner's request for court assistance gathering records and copies (ECF No. 4);

- Motion to appoint counsel (ECF No. 5);

- Motion for federal evidentiary hearing (ECF No. 6);

- Motion of joinder (ECF No. 10);

---

[2] Jon Stygler, also, has filed a recent direct appeal of the judgment of conviction. *People v. Stygler*, No. 360400 (Mich. Ct. App.) (filed Jan. 27, 2023).

- Motion for summary judgment (ECF No. 14);

- Second motion of joinder (ECF No. 16);

- Motion for relief (ECF No. 17);

- Second motion for summary judgment (ECF No. 25);

- Motion to admit new transcript evidence (ECF No. 27);

- Motion to admit evidence of conspiracy (ECF No. 29);

- Motion to expedite decision (ECF No. 31);

- Third motion for summary judgment (ECF No. 32);

- Fourth motion for summary judgment (ECF No. 34);

- Motion to request documents (ECF No. 35);

- Request to appoint special prosecutor (ECF No. 36);

- Motion to consider 7th evidence of falsified transcript (ECF No. 38);

- Motion for probable cause hearing (ECF No. 46);

- Motion for order to admit recovered evidence (ECF No. 48);

- Amended motion for summary judgment (ECF No. 49);

- Motion for order to admit proof of payment (ECF No. 43); and

- Motion to transfer the case from Northern to Southern Division (ECF No. 55).

With regard to Petitioner's motion to appoint counsel, (ECF No. 5), indigent habeas petitioners have no constitutional right to a court-appointed attorney. *Johnson v. Avery*, 393 U.S. 483, 488 (1969); *Barker v. Ohio*, 330 F.2d 594, 594–95 (6th Cir. 1964); *see also Lovado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993). The Court is required by rule to appoint an attorney only if an evidentiary hearing is necessary or if the interest of justice so requires. Rule 8(c), Rules Governing Section 2254 Cases.

The Court has considered the complexity of the issues and the procedural posture of the case. At this stage of the case, the assistance of counsel does not appear necessary to the proper presentation of Petitioner's position. Petitioner's motion for a court-appointed attorney will therefore be denied.

With regard to Petitioner's motion to transfer this case from the Northern Division to the Southern Division of this Court (ECF No. 55), the motion will be denied. As Magistrate Judge Maarten Vermaat explained in *Pepin v. Wisconsin Central Ltd.*, No. 2:19-cv-42, 2021 WL 5102564 (W.D. Mich. Oct. 4, 2021):

> The District Court for the Western District of Michigan is one of many districts that Congress subdivided by statute, establishing a Northern and Southern Division. 28 U.S.C. § 102. At the time that Congress established these divisions, it also established the way in which cases would be distributed among them, often referred to as "divisional venue." 28 U.S.C. § 1393; *Moysi v. Trustcorp, Inc.*, 725 F.Supp. 336, 339 (N.D.Ohio 1989). However, Congress eliminated the statutory requirement of divisional venue in 1988. 14D Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3809 (4th ed.). In repealing § 1393, Congress "intended . . . to afford districts greater flexibility and freedom to implement any process which would be effective in the distribution of their business." *Moysi*, 725 F. Supp. at 339.

> For this Court, such implementation is found in Western District of Michigan Local Civil Rules 3.2 and 77.1. Rule 3.2 establishes an order of priority for assigning cases among divisions. W.D. Mich. LCivR 3.2. As Pepin acknowledges, it is through the application of this rule that this case was assigned to the Northern Division. (ECF No. PageID.2569). But the rule does not function in isolation. Rule 77.1 authorizes the district judges to hold proceedings "at such times and in such places within the district as the judge to whom the case is assigned shall designate." W.D. Mich. LCivR. 77.1. Together, these rules allow a district judge assigned to a Northern Division case to, for example, hold trial in one of the many Southern Division courtrooms.

*Pepin*, 2021 WL 5102564, at *1.

After the case was transferred from the Eastern District of Michigan to this Court, the Clerk applied Local Civil Rule 3.2 and assigned the case to the Northern Division. Because Petitioner Cunningham purported to bring claims on Mr. Stygler's behalf, the order of priority was different

than it would have been if Petitioner Cunningham had only raised claims on his own behalf. The first three orders of priority in the local rule plainly do not apply. The fourth order of priority does not apply because this is not a prisoner civil rights case. The fifth and sixth orders of priority also do not apply because, at the time Petitioner Cunningham filed the petition, he was housed in one district and Mr. Stygler was housed in another. Thus there was not one division in which all of the Petitioners or all of the Respondents resided. W.D. Mich. LCivR 3.2(e) and (f). That left the sixth order of priority: "the division in which the claim arose." W.D. Mich. LCivR 3.2(g). The constitutional violation Petitioner identifies occurred in the Northern Division, specifically Marquette County, where Petitioner and Mr. Stygler were tried. Thus, under the Local Civil Rules—the only guide that defines proper "divisional venue"—the Northern Division is the proper venue for this action.

But Petitioner does not seek to transfer divisions because the present assignment is improper; instead, he contends a transfer is necessary because the Northern Division's prior ruling in Op. & Order, J., *Cunningham v. Quinn*, No. 2:21-cv-158 (W.D. Mich.) (ECF Nos. 10, 11), was erroneous. In that case, Petitioner sought to return the child he kidnapped to the child's mother and brother in the Philippines under the Hague Convention. *Id.*, (ECF No. 10, PageID.101). This Court concluded that Petitioner failed to state a claim. Petitioner appealed to the Sixth Circuit Court of Appeals. That court affirmed the judgment, but on other grounds: Petitioner Cunningham had filed the petition without the signature of the child's mother. Thus, in that case—as in this one— Petitioner was not authorized to proceed on behalf of another. *Cunningham v. Quinn*, No. 22-1729 (6th Cir. Nov. 7, 2022). Petitioner continues to challenge that result in the Sixth Circuit.

Petitioner argues that this Court's *sua sponte* dismissal of the petition in the prior Northern Division cases calls into question the integrity and fairness of the Northern Division and, therefore,

warrants transfer to the Southern Division. Petitioner cites no authority that holds that a divisional transfer is appropriate because of a prior unfavorable decision in one division. Moreover, even if the Court transferred the case from the Northern to Southern Division it would not result in the assignment of a different Article III judge. The judges in this district serve both divisions. For all of these reasons, Petitioner's motion to transfer this case from the Northern Division to the Southern Division will be denied.

The remainder of Petitioner's motions will be denied as moot in light of the Court's dismissal of the petition.

## V.      Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court has concluded that Petitioner's application is properly denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

12

The Court finds that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, for the same reasons the Court concludes that the petition is properly dismissed, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

### Conclusion

The Court will enter an order directing the Clerk of Court to remove Jon Scott Styger as a petitioner and Les Parish as a respondent because those claims are not properly before the Court. Additionally, the Court will enter an order denying Mr. Styger's motion to dismiss as unnecessary and denying Petitioner's pending motions. The Court will also enter a judgment dismissing the petition for failure to exhaust state-court remedies and an order denying a certificate of appealability.

Dated:      February 23, 2023            /s/ Robert J. Jonker
                                                Robert J. Jonker
                                                United States District Judge